BETTIS v. FREDERICK LEYLAND & CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. March 12, 1907.)

No. 1,585.

SHIPPING—INJURY OF STEVEDORE—LIABILITY OF VESSEL OWNER.

The owner of a vessel which was seaworthy and properly equipped is not liable, under the admiralty law, for an injury to a stevedore's employé caused by the negligence of himself or other employés handling the hatch coverings when discharging the vessel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, §§ 342, 349.]

Appeal from the District Court of the United States, Eastern District of Louisiana.

Armand Romain, for appellant.
Henry P. Dart and Benj. W. Keran, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Judge Parlange gave the following reasons for dismissing the libel:

PARLANGE, District Judge. The sole fault or negligence charged is "that said accident was due entirely to the fault of the agent or foreman of the owner of said steamship and of the mate thereof, who refused to have said burden piece removed while said work was going on; that said burden piece should have been taken off as is regular and customary; that your libelant was unnecessarily subjected to great risk not contemplated, and that your libelant in no way contributed to said injuries." An additional contention is made in the brief, based upon certain testimony, which was objected to, that the burden piece should have been bolted. No such issue was raised by the libel. However, even if it had been raised, the result of the suit would, under my view, be the same. The charge in the libel is not that the ship was unseaworthy, or that she was or that any of her appurtenances were defective. The only charge is that libelant was required to do dangerous work, and that the foreman and mate were negligent as to the manner of directing the work and having it performed. It would seem that on exception of "no cause of action," the libel would have been dismissed. The libel does not aver and the testimony does not show any legal liability on the part of the vessel under the doctrine of The Osceola, 189 U. S. 158–175, 23 Sup. Ct. 483, 47 L. Ed. 760. It may be said incidentally—though the matter is not necessary to the decision of the case—that it would seem that the libelant assumed the risk. In admiralty, the doctrine of assumption of risk is recognized, though the doctrine of contributory negligence does not necessarily defeat an action. The libel must be dismissed at libelant's costs.

These reasons were sufficient and conclusive. The appellant, however, contends that as the original libel was changed from one against the ship to one in personam against the owners, the libelant is entitled to recover because he says the evidence shows that the owners did not furnish the libelant a safe place, and the libelant was made to work in unsafe premises. It would be difficult to point out wherein in cases of this kind a greater liability rests upon the owners than upon the ship. The proctor for libelant has not pointed out the distinction further than as made in his contention. The authorities cited are common-law cases. We need not, however, discuss it, because from the evidence in the case the owners furnished as reasonably safe premises and surroundings for

libelant to work in as the nature of the case permitted. The place or premises were only made dangerously unsafe by the negligent handling of the hatch furniture which was entirely under the control of the libelant and his colaborers. They took out enough of the hatch coverings to answer their purpose when they were removing goods from between decks from aft the hatch; and when they changed to removing goods from forward of the hatch they should have taken out the alleged burden piece the subsequent fall of which injured the libelant. For not taking it out, neither the ship nor its owners were in any wise negligent or liable.

The decree appealed from is affirmed.